UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:25-cr-138 |
| | : | |
| | : | JUDGE McFARLAND |
| v. | : | |
| | : | **MOTION IN LIMINE TO PRECLUDE** |
| | : | **ARGUMENT AND EVIDENCE** |
| SAMUEL SAXON, | : | **SUPPORTING JURY** |
| | : | **NULLIFICATION** |
| Defendant. | : | |
| | : | |

In a criminal trial, the jury's role is to apply the Court's instructions to the evidence to determine whether the government proved the defendant guilty beyond a reasonable doubt. Through this motion, the United States seeks to prevent the defense from making improper arguments during trial. Specifically, the United States requests that the Court preclude the defense from arguing, eliciting evidence, and making statements in front of the jury about (1) selective prosecution and the basis for prosecution; (2) the defendant's good character and specific acts of good conduct; (3) the credibility of Individual 1; and (4) punishment and the consequences the defendant has already suffered, including the pending state case.

As explained below, evidence and information relating to these four topics are not relevant in this trial, as they would not make any fact of consequence in the case more or less probable. The only reason for the admission of evidence related to these topics—or arguments and statements regarding the same—would be to invite the jury to render a verdict on an improper basis, *i.e.*, one other than the application of the law to the facts of the case. Thus, any suggestion by the defense, by way of argument, questioning, or presentation of evidence, that the jury engage in such nullification would be improper and should be prevented by the Court. The Court has

granted similar pretrial motions to exclude evidence and arguments sounding in jury nullification in *United States v. Sittenfeld*, 1:20-CR-142-DRC, Doc. 190, PageIDs 2921, 2131-35 (S.D. Ohio June 17, 2022); *United States v. Householder et al.*, 1:20-CR-77-TSB, 645 F.Supp.3d 844, 850-53 (S.D. Ohio Dec. 13, 2022); and *United States v. Jakits*, 2:22-CR-194-EAS, Doc. 124, PageIDs 1559, 1562-75 (S.D. Ohio May 2, 2023).

## BACKGROUND

The law is clear. No one may encourage the jury to nullify either the law or the facts. *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("[T]he defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."). Instead, jurors should "be told that it is their duty to accept and apply the law as given to them by the court." Sixth Cir. Pattern Instr. 1.02, Commentary; *accord United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988). Accordingly, a trial court "may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *Sepulveda*, 15 F.3d at 1190; *see also United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) (categorically rejecting "the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent").

It is proper for a party to file, and a Court to grant, a motion in limine to exclude from the trial arguments designed to induce jury nullification. *See, e.g.*, *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (affirming trial court's granting of government's motion in limine to exclude jury nullification arguments); *United States v. Sittenfeld*, 1:20-cr-142, 2022 WL 2192955, at *5 (S.D. Ohio June 17, 2022) (same). This includes prohibiting evidence or arguments that do not support a legal defense to the charges, but rather would encourage the jury to decide the case

2

on a basis inconsistent with the Court's instructions, such as by targeting the sympathies of the jury. *See United States v. Rodriguez*, 971 F.3d 1005, 1020 (9th Cir. 2020).

### A. Arguments and statements before the jury sounding in selective prosecution or questioning the bases for prosecution are improper.

The Court should preclude the defendant from making arguments or eliciting testimony that implies that the prosecution of this case was improper, such as arguing selective prosecution or that the investigative team had improper motivations. As explained below, these are legal issues decided by the Court pretrial, not the jury, and therefore irrelevant and improper at trial.

These arguments—implying the defendant was unfairly prosecuted and questioning the motivation of the prosecution—are not relevant to the jury's determination and should be excluded. First, selective prosecution is not a defense to a criminal charge; it is "an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). In other words, a selective prosecution claim is irrelevant to the issue of the guilt or innocence of the defendant. Instead, it asks a court to "exercise judicial power over a special province of the Executive"—that is, the Attorney General and United States Attorneys, who are designated as the President's delegates to enforce federal criminal laws. *Id*. at 464 (internal quotations omitted) (quoting U.S. Const., Art. II, § 3; citing 28 U.S.C. §§ 516, 547). As a result, the Supreme Court has instructed that "the presumption of regularity supports their prosecutorial decisions, and in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id*. (internal quotations omitted) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)).[1]

---

[1] This judicial deference is based in part on "an assessment of the relative competence of prosecutors and courts" and in part on a concern of "unnecessarily impairing a core executive constitutional function." *Id*. at 465. For example, the Supreme Court has explained that courts are not equipped to evaluate "the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to Government's overall enforcement plan." *Id*.

Second, because selective prosecution is a legal defense based on an alleged defect in the institution of prosecution, it must be raised before trial and decided by the court, not the jury. *See* Fed. R. Crim. P. 12(b)(3)(A); *accord United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("[T]he defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury."); *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) ("Because it involves a 'defect in the institution of the prosecution,' the selective prosecution defense is an issue for the court rather than the jury."); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995) (same); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (per curiam) (finding that issues subject to Fed. R. Crim. P. 12 are matters for the Court, not the jury); *United States v. Brimite*, 102 F. App'x 952, 955 (6th Cir. 2004) (holding that defendant was required to raise selective prosecution allegation before trial).

Accordingly, district courts have excluded evidence and arguments alleging selective prosecution and other defects in the institution of prosecution, and these decisions have been upheld on appeal. For example, in *Abboud*, the district court granted a motion in limine to preclude evidence of selective prosecution at trial. *Abboud*, 438 F.3d at 580. The Sixth Circuit upheld the district court's exclusion of the evidence, explaining that "selective prosecution is not an issue for the jury." *Abboud*, 483 F.3d at 580; *accord United States v. Darwich*, 574 F. App'x 582, 589 (6th Cir. 2014) (same; relying on *Abboud*); *see also United States v. Simpson*, 226 F. App'x 556, 562 (6th Cir. 2007) (citing *Abboud* and concluding that the district court was correct to prohibit a prosecutorial vindictiveness theory at trial).

A defendant may not circumvent these principles by repackaging a selective prosecution claim as an attack on the government's "motives" or "fairness." Courts have "consistently

---

In recognition of these principles, the standard necessary to prove a selective prosecution claim is "a demanding one." *Id*. at 465.

4

excluded" evidence and argument directed at why the government chose to prosecute, as such matters are irrelevant to guilt and risk unfair prejudice and confusion. *United States v. Morris*, 2021 WL 4228883, *6 (E.D. Ky. Sept. 26, 2021) (internal quotations omitted; quoting *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *2 (E.D. La. May 14, 1997) (collecting cases)); *see also United States v. Bryant*, 5 F.3d 474, 475-76 (10th Cir. 1993) (upholding district court's prohibition of cross-examination as to how defendant came to be charged in federal court); *United States v. Fieger*, 2008 WL 996401, *1-*3 (E.D. Mich. Apr. 8, 2008) (granting motion in limine to preclude the defendant from raising evidence or argument concerning improper prosecution at trial, including cross-examination of agents about matters of prosecutorial discretion). As the court in *Morris* explained, "[s]uch arguments and evidence are not relevant to the jury's task, and even if they were, their probative value would be substantially outweighed by the risk of unfair prejudice and confusion of the issues at trial." 2021 WL 4228883, at *6; *see also id.* (granting motion in limine and excluding evidence and arguments related to DOJ's prosecutorial policy and motives). In addition, permitting the introduction of such evidence risks substantially lengthening the trial by creating mini-trials on collateral matters unrelated to the defendant's guilt or innocence.

The defendant cannot overcome these limitations by claiming that such argument or evidence is relevant to a witness's bias and credibility. Indeed, in *Abboud*, the Sixth Circuit specifically cautioned that a defendant cannot make selective prosecution arguments relevant at trial merely by claiming that exclusion of these arguments limits his ability to conduct cross-examination into bias and credibility. Doing so "conflate[s] the concepts of witness bias and selective prosecution." *Abboud*, 438 F.3d at 580. "Witness bias speaks to the reliability of the witness," and exposing a witness's bias or prejudice calls into question the credibility of that

particular witness. *Id*. (internal quotations omitted) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986)). By contrast, "[s]elective prosecution is a separate and distinct claim that the defendant has been unconstitutionally selected for prosecution." *Id*.

To date, the defendant has not filed a selective prosecution claim under Federal Rule of Criminal Procedure 12. Such a motion, however, is the only proper way to litigate allegations of selective prosecution or otherwise challenge the institution of prosecution. Attempting to make these arguments in front of the jury, in any form, should be barred by the Court.

**B. "Good Acts" evidence is irrelevant and inadmissible.**

The government anticipates that the defendant may seek to introduce evidence or argument that he allegedly had a good character and/or performed specific acts of good conduct, including referencing certificates, trophies, or other work-related commendations. The Court should preclude such evidence and argument.

Evidence of a person's character is generally not admissible to prove that on a particular occasion the person acted in accordance with that character. *See* Fed. R. Evid. 404(a). Federal Rule of Evidence 404(a)(2)(A) establishes an exception to this rule, permitting a criminal defendant to introduce evidence of a "pertinent" character trait (which the prosecution may rebut) in order to support an inference that the defendant would not have committed the charged crimes. "Pertinence" is generally defined as relevance, meaning that the offered trait must have some tendency to prove or disprove an element of the offense charged or of a claimed defense. *See, e.g.*, *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002).

Even where a character trait is pertinent, the Federal Rules of Evidence place important constraints on a defendant's introduction of pertinent character trait evidence to guard against confusion, unfair prejudice, and the substantial delay that would result if defendants were

permitted to introduce evidence of each of their purported good acts. Specifically, Rule 405 generally requires that a criminal defendant attempt to prove a pertinent trait only through "testimony about the [defendant's] reputation" or by "testimony in the form of an opinion"—not evidence of the defendant's specific purported good acts. *See* Fed. R. Evid. 405(a).[2]

Here, traits related to defendant's purported professionalism or meritorious services are irrelevant to the charge against him or to any of his potential defenses—because they do not make it any more or less likely that he lied on December 6, 2025.[3] *See United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) (court properly excluded evidence of government service to the extent it was offered to show terrorism defendant was patriotic or pro-government); *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997) (evidence of defendant's "[d]edication, aggressiveness and assertiveness" as an officer not pertinent to nor an essential element of corruption charges); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (trial court properly excluded evidence of defendant's police and military awards and commendations because

---

[2] The single, narrow exception to this prohibition on the introduction of specific purported good acts is when a defendant's "character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b); *see id.* (advisory notes) (noting evidence of specific acts is permitted only when "character is, in the strict sense, in issue" given the danger that such evidence will arouse prejudice, confuse, surprise, and consume time). The category of cases for which the defendant's "character or character trait is an essential element of a charge, claim, or defense," is narrow, and not applicable here. *See* 1 McCormick On Evid. § 187 (7th ed.) (collecting cases and noting that specific instances of conduct are only admissible in the "unusual situation in which an offense, claim, or defense for which character is an essential element is pled," such as an action for defamation or negligence); Mueller & Kirkpatrick, 2 Federal Evidence § 4.44 (4th ed. 2013) (noting that character is rarely an element of a charge in a criminal case); *see also generally United States v. Clark*, 377 F. App'x 451, 460 (6th Cir. 2010); Wright & Miller, Federal Practice and Procedure, 22B Fed. Prac. & Proc. Evid. § 5267 (2d. ed. 2018).

[3] Courts have found that law-abidingness is a pertinent trait to almost all criminal violations. *See, e.g., In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003). If the defendant wishes to introduce character evidence of this trait, he is limited to introducing such evidence in the form of "testimony about [his] reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). The government requests that if the defendant intends to offer such reputation and/or opinion testimony in the defense case, the court and parties first discuss the appropriate limits of such testimony outside the presence of the jury.

"the traits which they purport[ed] to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to" the defendant's mail fraud conspiracy and perjury charges); *United States v. Krug*, No. 14-CR-102S, 2016 WL 7045937, at *3 (W.D.N.Y. Dec. 2, 2016) (excluding evidence of defendant's awards or commendations in prosecution under 18 U.S.C. § 242); *cf. United States v. Thomas*, 134 F.3d 975, 979 (9th Cir. 1998) (defendant could introduce non-hearsay evidence on lack of criminal history only as it was necessary to entrapment defense).

As such, evidence of those traits, or the defendant's general good conduct, has no bearing on the question of whether the defendant committed the charged crime. The defendant cannot establish his innocence of the charged crime "by showing that he did not commit similar crimes on other occasions." *Herzog v. United States*, 226 F.2d 561, 565 (9th Cir. 1955); *see also United States v. Glazer*, 850 F. App'x 488 (9th Cir. 2021) (quoting *Herzog*). Moreover, evidence of such non-pertinent character traits risks confusing the issues relevant to this case and could unfairly lead the jury to reach its verdict based on personal opinions or sympathies.

The defendant cannot make an end-run around this prohibition by sneaking such evidence into cross-examination, such as by asking (a) "Isn't it true the defendant did not do anything improper on this occasion?"; (b) "Isn't it true that defendant always treated you with respect?"; (c) "Isn't it true that defendant followed proper procedure on this occasion?" Such evidence is irrelevant and inadmissible and would only encourage the jurors to decide this case on an improper basis. *See* Fed R. Evid. 401, 403, 405; *see also United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (affirming exclusion of the good-acts evidence and observing that the defendant's "character in [the] case was simply not an essential element of the charges against her," and that the defendant's tactic of trying to "use specific acts circumstantially to prove lack of intent" was "not only disfavored, [but was] not permitted under Rule 405(b).");  *United States v. Grimm*, 568

8

F.2d 1136, 1138 (5th Cir. 1978) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."); *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (observing that "evidence of good conduct is not admissible to negate criminal intent" (internal quotation marks omitted)); *United States v. Hill*, 40 F.3d 164, 168-69 (7th Cir. 1994) (upholding exclusion of defendant's failure to steal "test" letters to negate intent in embezzlement case).

Because evidence of other good acts is irrelevant and inadmissible here, the Court should exclude it from trial.

### C. Evidence or argument concerning Individual 1's credibility is not relevant.

Individual 1's credibility is not relevant to the charged offense, and the Court should preclude any argument or evidence about Individual 1's credibility or character because it would confuse the issues, mislead the jury, and invite jury nullification.

The government does not anticipate that Individual 1 will be called to testify as a witness in this trial.[4] The defense may, however, attempt to introduce evidence or argument about Individual 1's credibility, such as eliciting testimony about Individual 1's character, mental health, or evidence that Individual 1 has not previously sought, and does not presently wish, to pursue criminal charges against the defendant. Such evidence has no bearing on whether the defendant is guilty of the charged offense—making a false statement to an agent of the United States—and therefore is not relevant in this trial.

---

[4] The government does not plan to call Individual 1 as a witness or rely on hearsay statements she may have made. The government recognizes that if Individual 1 testifies, her credibility may become relevant. Unless and until Individual 1 testifies, however, the Court should preclude defense counsel from offering evidence or argument related to Individual 1's credibility and character. And even if Individual 1 testifies, defense counsel should still be prohibited from improper jury nullification arguments, such as arguments that the defendant should be found not guilty because Individual 1 wants the defendant's state and federal charges to be dismissed.

The introduction of this type of evidence and argument would, however, confuse the issues and mislead the jury by leaving the jury with the false impression that the defendant's guilt in this case hinges on Individual 1's credibility and whether Individual 1 is claiming that the defendant assaulted her. Whether the defendant assaulted Individual 1 on December 5, 2025, or at any other time, is not at issue. Instead, the jury will be asked only to consider whether the defendant made a materially false statement to a DHS-OIG special agent when he represented that on December 5, 2025, he had not interacted with Individual 1 in person and had only interacted with her via phone. Accordingly, evidence of (non-witness) Individual 1's credibility is not relevant and is unduly prejudicial under Rule 403. *See United States v. Reagan*, No. 95 CR. 29 (DC), 1995 WL 479416, at *2–3 (S.D.N.Y. Aug. 14, 1995), *aff'd*, 103 F.3d 1072 (2d Cir. 1997) (precluding the defense from attacking the credibility of non-witnesses in a perjury trial because such evidence is not relevant and likely to confuse or prejudice the jury, such as by inviting jury nullification); *United States v. McGowan*, 58 F.3d 8, 15-16 (2d Cir. 1995) (upholding the district court's exclusion of impeachment evidence because the credibility of the non-witness was irrelevant at trial); *United States v. Shalash*, No. 11 CR 0627, 2013 WL 4820927, at *4 (N.D. Ill. Sept. 10, 2013) (the truthfulness and background of a non-witness is irrelevant).

D. **The Court should preclude any evidence or argument related to punishment, including that defendant has already suffered enough consequences or that the pending state charges are an adequate alternative to criminal liability in this case.**

It is well established that, unless the jury has a role in sentencing, it may not, in reaching its verdict, consider what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This principle "is a reflection of the basic division of labor in our legal system between judge and jury." *Id.* "The jury's function is to find the facts and to decide whether, on those facts, the defendants are guilty of the crime charged." *Id.* Information regarding punishment is "irrelevant" to this task, and, in fact, providing

the jury sentencing information would distract from their fact-finding responsibilities and create a "strong possibility of confusion." *Id.*; s*ee also United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995); *United States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990).

Courts have recognized that "the only possible purpose that would be served by informing jurors of [a] mandatory sentence would be to invite jury nullification of the law." *Johnson*, 62 F.3d at 850-51. Just as it would be improper for a court to instruct the jury as to its power to nullify, "[a]n attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible." *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996).

Here, information relating to the defendant's potential punishment or collateral consequences following conviction is irrelevant to the jury's fact-finding duties and would invite jury nullification. *Cf. United States v. Rushin*, 844 F.3d 933, 939 (11th Cir. 2016) (noting risk of jury nullification from discussion of potential punishments was "accentuated by the fact that defendants were guards and the victims prisoners"). This includes not just overt references to the statutory penalties the defendant faces, but also more subtle comments, such as noting that the defendant is charged with a felony or that a conviction could have an adverse effect on his career, family, or future. The Court should exclude any such information and preclude defense counsel from referring to, or making arguments based on, the defendant's potential punishment at any phase of the trial, including during jury selection, opening statements, examination of witnesses (including of the defendant if he testifies), and closing argument.

The government also moves to exclude evidence or argument that suggest the defendant has already suffered enough due to this case (such as by likely losing his job, and being the subject of negative publicity), as well as any evidence or argument that he will suffer additional

11

consequences as a result of pending state charges. Just as it would be improper to discuss potential punishment, it would be improper for the defense to argue or insinuate that the defendant should be acquitted because he has already been sufficiently punished or because the state case is another potential avenue for redress.

As a result of his actions, the defendant has been placed on unpaid administrative leave and is facing termination. These consequences, however, have no bearing on whether he is guilty of the charged offense. Moreover, permitting any evidence or argument as to these consequences would likely confuse the issues, mislead the jury, and invite jury nullification. As such, this Court should exclude evidence of these consequences under Rules 401 and 403 and prohibit defense counsel from referring to these consequences or arguing in any phase of the trial that the defendant has already been penalized for his conduct.

Additionally, the defendant is facing prosecution in Hamilton County Court of Common Pleas for charges of felonious assault, strangulation, domestic violence, and assault. Evidence about the nature or status of the state prosecution could improperly suggest to the jury that it need not find the defendant criminally liable in this case because he may be held to account on more serious state charges. Defense counsel should be prohibited from improper jury nullification arguments suggesting that any future punishment on state charges is sufficient punishment or an adequate replacement for criminal liability in this federal case.

## **CONCLUSION**

For the reasons outlined, this Court should grant the motion to preclude the defendant from arguing, presenting evidence, or pursuing lines of inquiry designed to elicit jury nullification.

    Respectfully submitted,

    DOMINICK S. GERACE II
    United States Attorney


    */s/Ashley N. Brucato*
    ASHLEY N. BRUCATO (0090989)
    JULIE D. GARCIA (CA 288624)
    Assistant United States Attorneys
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Ashley.Brucato@usdoj.gov